**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE- DIVISION**

**MAIZETTA PIERRE,**

   **Plaintiff,**

                                   **CASE NO.:  0:12-CV-61099-KMW**

**-VS-**

**VERIZON WIRELESS PERSONAL**
**COMMUNICATIONS, L.P. d/b/a**
**VERIZON WIRELESS,**

**AND**

**VALENTINE AND KEBARTAS, INC.,**

**AND**

**UNITED COLLECTION BUREAU, INC.,**

   **Defendants.**
_____/

## SECOND AMENDED COMPLAINT

1.     Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and Federal Fair Credit Reporting Act 15 U.S.C. §1681 *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §§1331, 1332 and pursuant to 28 U.S.C. §1367 for pendent state law claims.

3.     The alleged violations and conduct of Defendants, described in the Complaint occurred in Broward County, Florida.

## FACTUAL ALLEGATIONS

4.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

5.      Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and 15 U.S.C. §1692(a)(3).

6.      Plaintiff is an "alleged debtor."

7.      Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8.      Defendant, VERIZON WIRELESS PERSONAL COMMUNICATIONS, L.P. d/b/a VERIZON WIRELESS. (hereinafter "Verizon"), is a corporation and a citizen of the State of New Jersey with its principal place of business at One Verizon Way, VZ52N068, Basking Ridge, New Jersey, 07920.

9.      Defendant, Verizon, consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors; including, but not limited to "Valentine and Kebartas, Inc."

10.     Defendant, Verizon, consents of and has knowledge and control of the collection activities of their agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors; including, but not limited to "United Collection Bureau, Inc."

11.     Defendant is a "creditor" as defined by Florida Statute 559.55(3) and 15 U.S.C §1692(a)(4).

12.     Defendant, Verizon, followed their corporate policy when attempting to collect and communicate with the Plaintiff.

2

13.     Defendant, VALENTINE & KEBARTAS, INC. (hereinafter "VKI"), is a corporation and a citizen of the State of Massachusetts with its principal place of business at 15 Union Street, Lawrence, MA, 01840.

14.     Defendant, VKI, is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C §1692(a)(6).

15.     Defendant, VKI, followed their corporate policy when attempting to collect and communicate with the Plaintiff.

16.     Defendant, UNITED COLLECTION BUREAU, INC. (hereinafter "UCB"), is a corporation and a citizen of the State of Ohio with its principal place of business at 5620 Southwyck Blvd., Ste. 206, Toledo, OH, 43614.

17.     Defendant, UCB, is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C §1692(a)(6).

18.     Defendant, UCB, followed their corporate policy when attempting to collect and communicate with the Plaintiff.

19.     Defendants, Verizon, VKI and UCB, sought to collect a debt from Plaintiff that arose from a transaction incurred for personal, family or household purposes and therefore is a "consumer debt."

20.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

21.     Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

22.     Defendants, Verizon, VKI and UCB, called the Plaintiff on her cellular phone, over one-hundred and fifty (150) times, using an "automatic telephone dialing system" (hereinafter

"ATDS") which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, without Plaintiff's consent, in violation of 47 U.S.C. §227(b)(1)(A). (See attached Call Log "**Exhibit A.**") Exhibit A represents many, but not all, of the calls received by Plaintiff.

23.     In or about April 2011, Plaintiff inquired about service from Defendant, Verizon.

24.     In or about April 2011, within fifteen (15) minutes of the original conversation with Verizon, Plaintiff told Verizon that she did not want their services or products.

25.     In April of 2011, Plaintiff specifically told Verizon that they were not to call her cellular telephone and revoked any express consent Verizon may have thought they had.

26.     In April of 2011, Plaintiff revoked any express consent Verizon may have believed they had concerning Defendants' placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendants' placement of the calls.

27.     What followed was a campaign of abuse and harassment of illegal phone calls and letters.

28.     Verizon has a pattern and practice to collect debts from individuals who do not owe Verizon money, using ATDS.

29.     On April 26, 2011, Verizon sent Plaintiff a letter confirming Plaintiff's Credit Card Account was reimbursed $158.99 for returned the equipment and cancelled service.  (See attached "**Exhibit B**").

30.     On or about May 26, 2011, Verizon sent Plaintiff a bill indicating that $143.18 was past due on her account. (See attached "**Exhibit C**").

31.     On or about June 13, 2011, Plaintiff sent Verizon a letter regarding the alleged balance due and included a copy of her credit card statement indicating the reimbursement from Verizon, along with a copy of her Verizon bills.  (See attached "**Exhibit D**").

4

32.     In or about June 2011 through October 2011, Verizon continued to send Plaintiff letters demanding payment for a service she never used and equipment already returned.

33.     In or about June 2011 through September 2011 Defendant, Verizon, willfully and knowingly called Plaintiff approximately forty-five (45) times in violation of the TCPA.

34.     In or about June 2011 through September 2011, Plaintiff answered Verizon's calls on at least twenty (20) separate occasions, explaining to the Defendant that their equipment had been returned, Defendant was not providing her with any service, she owed them no money, and to stop calling her.  Plaintiff would direct the Verizon's attention to the letter from Verizon which indicated the return of equipment and cancellation of service. (See attached "**Exhibit B**").

35.     Plaintiff's numerous conversations and letters to the Verizon explaining the circumstances regarding the cancellation, return of equipment and demanding an end to the unwarranted harassment were ignored.

36.     Each call the Defendant, Verizon, made to the Plaintiff was made using an ATDS which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

37.     Each call the Defendant, Verizon made to the Plaintiff's cellular phone was done so without the "express permission" of the Plaintiff.

38.     Each call the Defendant, Verizon, made the Plaintiff was an intentional and willful violation of the TCPA.

39.     Defendant left numerous artificial and/or prerecorded messages when calling the Plaintiff's cellular phone.

40.     None of Verizon's telephone calls placed to Plaintiff's cellular telephone were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

41.     In August of 2011, Defendant intensified their harassment and abuse by engaging a debt collector, Defendant VKI, to collect a debt they knew Plaintiff did not owe.

42.     On or about August 26, 2011, Plaintiff received a letter from VKI, on behalf of Defendant Verizon, in an attempt to collect the alleged debt that Plaintiff does not owe. (See attached "**Exhibit E**").

43.     On or about September 12, 2011, Defendant VKI, was sent a letter, on behalf of Plaintiff, requesting VKI to cease communication and verify the alleged debt. (See attached "**Exhibit F**").

44.     From August 2011 through November 2011, Defendant, VKI, on behalf of Defendant Verizon, called Plaintiff on her cellular telephone, by the use of an ATDS or a pre-recorded or artificial voice, approximately one hundred (100) times in violation of the TCPA.  Seventy-five (75) of those calls were after Plaintiff sent a letter to VKI ceasing communication and disputing the debt.

45.     Each of the seventy-five (75) calls VKI made after receiving the Plaintiff's letter were willful violations of the Federal law and, therefore, entitle Plaintiff to $1500 per call, pursuant to the treble damages provided in 47 U.S.C §227(b)(3).

46.     On or about September 27, 2011, VKI called the Plaintiff at 10:13 p.m.

47.     Each call VKI made to the Plaintiff were made using an ATDS which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

48.     Each call VKI made to the Plaintiff's cellular phone was done so without the "express permission" of the Plaintiff.

49.     Each call VKI made the Plaintiff was an intentional and willful violation of the TCPA.

50.     VKI left numerous artificial and/or prerecorded messages when calling the Plaintiff's cellular phone.

6

51.     None of VKI's telephone calls placed to Plaintiff's cellular telephone were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

52.     In December of 2011, Defendant, Verizon, further intensified their harassment and abuse by engaging, yet another, debt collector to collect a debt they knew Plaintiff did not owe.

53.     On or about December 16, 2011, Plaintiff received a letter from Defendant United Collection Bureau, on behalf of Defendant Verizon, in an attempt to collect the alleged, disputed, and non-existent debt. (See attached "**Exhibit G**").

54.     From December 2011 through January 2012, Defendant, UCB, on behalf of Defendant Verizon, called Plaintiff on her cellular telephone, by the use of an automatic telephone dialing system or a pre-recorded or artificial voice, approximately five (5) times in violation of the TCPA.

55.     On or about January 3, 2012, Plaintiff sent Defendant UCB a letter requesting verification of the debt and informing Defendant that she had already disputed this bill with Defendant Verizon and Defendant VKI. (See attached "**Exhibit H**").

56.     Each call UCB made to the Plaintiff were made using an ATDS which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

57.     Each call UCB made to the Plaintiff's cellular phone was done so without the "express permission" of the Plaintiff.

58.     Each call UCB made the Plaintiff was an intentional and willful violation of the TCPA.

59.     UCB left numerous artificial and/or prerecorded messages when calling the Plaintiff's cellular phone.

60.     None of UCB's telephone calls placed to Plaintiff's cellular telephone were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

61.     In or about early 2012, Plaintiff realized that the alleged Verizon debt had falsely been reported to Transunion, a "consumer reporting agency."

62.     On or about May 21, 2012, after disputing the reported debt, Plaintiff received a letter from Transunion indicating that Defendant Verizon had "verified" this nonexistent debt. (See attached "**Exhibit I**").

63.     On or about October 1, 2012, Plaintiff continues to dispute the reported debt, and has supplied Transunion with copies of the documentation included herein as Exhibits B and D.

64.     Defendant Verizon, individually and by and through their agents and/or representative(s), VKI and UCB have knowingly and willingly violated the TCPA, FCCPA, FDCPA, and FCRA with regard to the Plaintiff.

## COUNT I
### (Violation of the TCPA- VERIZON)

65.     Plaintiff incorporates Paragraphs one (1) through sixty-four (64).

66.     Defendant placed at least one-hundred and forty-five (145) non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C §227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA- VERIZON)

67.     Plaintiff incorporates Paragraphs one (1) through sixty-four (64).

68.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

69.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

70.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

71.     Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

72.     Defendant has violated Florida Statute §559.72(17) by communicating with the debtor between the hours of 9:00 p.m. and 8:00 a.m. without the prior consent of the debtor.

73.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental anguish, fear, worry, embarrassment, anger and frustration, as described by Florida Statute §559.77.

        **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## <u>COUNT III</u>
### (Violation of the FCRA- Verizon)

74.     Plaintiff incorporates Paragraphs one (1) through sixty-four (64).

75.     Verizon is liable to Plaintiff for willfully and negligently failing to comply with 15 U.S.C. §1681(s)(2)(b), pursuant to 15 U.S.C. §§1681(n)-(o).

76.     Verizon violated the FCRA when it continued to publish the inaccurate information to Transunion without also including a notation that the debt was disputed; by failing to fully and

properly investigate the Plaintiff's dispute of the inaccurate information; by failing to review all relevant information regarding same; by failing to accurately respond to Transunion regarding the inaccurate information; by failing to correctly report the results of the investigation to the Transunion; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the inaccurate information to Transunion.

58.    After Verizon received notification from the Transunion about the disputed Account, Verizon did not contact any third parties, other than the Transunion, when investigating Plaintiff's dispute.  Further, Verizon verified the Account to the Transunion in response to each dispute it received from the Transunion.

59.    Verizon's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages.  Verizon is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT IV
### (Violation of the TCPA- VKI)

77.    Plaintiff incorporates Paragraphs one (1) through sixty-four (64).

78.    Defendant placed at least one-hundred (100) non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C §227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs,

interest, attorney fees, and any other such relief the court may deem just and proper.

## COUNT V
### (Violation of the FCCPA- VKI)

79.    Plaintiff incorporates Paragraphs one (1) through sixty-four (64).

80.    At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

81.    Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

82.    Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

83.    Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

84.    Defendant has violated Florida Statute §559.72(17) by communicating with the debtor between the hours of 9:00 p.m. and 8:00 a.m. without the prior consent of the debtor.

85.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental anguish, fear, worry, embarrassment, anger and frustration, as described by Florida Statute §559.77.

    **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT VI
### (Violations of the FDCPA-VKI)

86.     Plaintiff incorporates Paragraphs one (1) through sixty-four (64).

87.     At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

88.     Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

89.     Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

90.     Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

91.     Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

92.     Defendant has violated 15 U.S.C. §1692(g)(b) by failing to cease collection activity until debt collector obtains verification of the debt and such verification is mailed to the consumer by the debt collector.

       **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT VII
### (Violation of the TCPA- UCB)

93.     Plaintiff incorporates Paragraphs one (1) through sixty-four (64).

94.     Defendant placed at least five (5) non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C §227(b)(1)(A)(iii).

   **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, and any other such relief the court may deem just and proper.

<u>**COUNT VIII**</u>
**(Violation of the FCCPA- UCB)**

95.     Plaintiff incorporates Paragraphs one (1) through sixty-four (64).

96.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

97.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

98.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

99.     Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

100.    Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of statutory damages and actual damages in the form of mental anguish, fear, worry, embarrassment, anger and frustration, as described by Florida Statute §559.77.

   **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs,

interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IX
### (Violations of the FDCPA-UCB)

101.    Plaintiff incorporates Paragraphs one (1) through sixty-four (64).

102.    At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

103.    Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

104.    Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

105.    Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

106.    Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

    **WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/William Peerce Howard*

William Peerce Howard, Esquire
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
Florida Bar #:  0103330
Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I, William Peerce Howard, hereby certify that a true and correct copy of the foregoing has been served on Defendant(s) through Service of Process on their respective attorney, registered agent, or other representative authorized to accept service pursuant to F. R. Civ. P. 4.

Robert J. Alwine, Esq.
Fla. Bar. No. 404179
Manos, Alwine & Kubiliun, P.L.
Brickell Bay Office Tower
1001 Brickell Bay Drive, Suite 1200
Miami, Florida 33131
Tel: (305) 341-3100
Fax: (305) 341-3102
*Counsel for Defendant Verizon*

Valentine and Kebartas, Inc.
15 Union Street
Lawrence, MA, 01840
*Principal Office for Defendant Valentine and Kebartas*

CT Corporation System
1200 South Pine Island Road
Plantation, FL 33324
*Registered Agent for Defendant United Collection Bureau*

/s/William Peerce Howard
William Peerce Howard, Esquire